(No. 34631.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH LA BOSTRIE, Plaintiff in Error.

*Opinion filed September 18, 1958—Rehearing denied Nov. 14, 1958.*

WARREN J. CAREY, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Joseph La Bostrie was convicted in the criminal court of Cook County of the crime of unlawful possession of narcotics under an indictment which charged a prior conviction of the same offense. He was sentenced to the penitentiary for a term of not less than 50 years nor more than life imprisonment. We granted a writ of error upon his pe-

tition under Rule 65—1 and appointed counsel to represent him, and the cause is now before us for decision following the submission of briefs and oral argument.

Two questions are presented on this writ of error. First, it is alleged that the State failed to prove the prior conviction which was charged in the second count of the indictment. In support of this contention, it is pointed out that in the State's case in chief, there was no proof of the prior conviction. Defendant then testified in his own defense and after the defense had rested, the State's Attorney and defendant's counsel stipulated that defendant had previously been convicted of a crime under the Narcotics Act. It is contended that this evidence should not have been received in rebuttal and that by failing to prove the prior conviction in the case in chief, the State failed to prove the second count of the indictment and that defendant should therefore have been found not guilty as to that count, upon which the aggravated penalty was imposed. We are of the opinion that this objection is not open to defendant on review. The record discloses that defendant was represented at the trial by counsel of his own choice, who stipulated to the prior conviction and made no objection to the fact that the evidence was improper on rebuttal. Where evidence is admitted by stipulation, the question of its admissibility will not be considered by us. *People* v. *Pierce*, 387 Ill. 608.

The second error assigned is that the trial court erred in denying a motion to suppress the narcotics which were found on defendant's person at the time of his arrest, and erred in admitting the narcotics in evidence at the trial. Prior to trial, the defendant made a timely motion to suppress this evidence and a hearing was held thereon. At that hearing, Joseph Thurston, a police officer, testified on examination by defendant's counsel that he had no warrant for defendant's arrest nor did he have a search warrant and also that defendant was not committing any felony within the officer's presence at the time of the arrest. On

cross-examination by the State, the officer testified that prior to the arrest he had talked to three different people and that, as a result of those conversations, he was looking for a man who answered the description of the defendant. The officer testified that these persons described the man he was looking for as a colored man about 60 years of age, wearing a light fedora hat and a light brown suede jacket. The man was described as being about 5'6" or 5'7" and weighing from 135 to 145 pounds. The informants told the officer that this man could be found in a certain area and the officer watched this area for several days before he arrested defendant. Thurston testified that the defendant answered this description and that he had in his own mind reasonable grounds for suspecting that the defendant was guilty of committing a crime and that he therefore placed him under arrest, searched him and found some capsules of narcotics in his coat lining. He also took some keys from defendant and used the keys to enter his apartment where they found other narcotics. On redirect examination, the officer refused to disclose the name of his informants. The trial judge ordered the officer into custody for contempt of court for his refusal, and, at the close of the hearing, denied the motion to suppress the evidence found on petitioner's person at the time of arrest and granted the motion as to the narcotics found in defendant's apartment.

Thurston also testified at the trial and his testimony was substantially the same as that at the hearing on the motion except that at the trial the officer named the three persons who had described the defendant and also testified that he had been informed that defendant used and peddled narcotics. The court admitted in evidence, over defendant's objection, the narcotics found on defendant's person. The defendant contends here that the evidence at the hearing on the motion was insufficient to justify the arrest without a warrant and the ensuing search of defendant's person. We find it unnecessary to consider whether the evidence at the

hearing on the motion, standing alone, was sufficient, for if the evidence at the trial was sufficient to sustain the introduction of the narcotics in evidence, it is immaterial that there might have been inadequacy of evidence at the hearing on the motion. (*Carroll* v. *United States*, 267 U.S. 132, 162, 69 L. ed. 543.) We shall, therefore, consider all of the evidence, both at the hearing on the motion and at the trial, to determine whether the trial court properly admitted in evidence the narcotics which were found on the defendant's person at the time of his arrest.

Certain rules of law have become well established in cases involving searches and seizures. It is clear that neither the constitution of the United States nor of Illinois forbids all searches and seizures. The prohibition is only against unreasonable searches and does not extend to immunity from search upon a lawful arrest. (*Harris* v. *United States*, 331 U.S. 145, 150, 91 L. ed. 1399; *People* v. *Clark*, 9 Ill.2d 400, 404.) It has long been recognized that arresting officers have a right to search the person of the one arrested as an incident to a valid arrest. *United States* v. *Rabinowitz*, 339 U.S. 56, 94 L. ed. 653.

Our duty, therefore, in the present case, is to determine whether the arrest of defendant was lawful, for if it was, the search of his person at the time of the arrest was lawful and the narcotics were properly admitted in evidence. An arrest without a warrant is lawful if a criminal offense has in fact been committed and the arresting officer has reasonable grounds for believing that the person arrested committed it. *People* v. *Boozer*, 12 Ill.2d 184, 187.

The great difficulty in all such cases lies not in determining the rule of law which is applicable, but in applying the law to the facts of each case. In particular, the problem narrows down to a decision of whether or not the arresting officer had reasonable grounds to believe that the person arrested had committed a criminal offense. A completely satisfactory definition of what constitutes reasonable cause

is impossible to formulate, for the question must find its resolution in the facts and circumstances of each case. (*United States* v. *Rabinowitz,* 339 U.S. 56, 63; *People* v. *Tillman,* 1 Ill.2d 525, 530.) However, certain principles emerge from the many cases which have considered this problem. First, it can be stated that "reasonable cause" means something less than evidence which would result in conviction. This was stated by Chief Justice Marshall in *Locke* v. *United States,* 7 Cranch 339, 3 L. ed. 364, more than a century ago and reaffirmed in *Brinegar* v. *United States,* 338 U.S. 160, 175, 93 L. ed. 1879. It is also established that reasonable cause may be founded upon evidence that would not be admissible at the trial. (*Husty* v. *United States,* 282 U.S. 694, 700, 75 L. ed. 629; *Brinegar* v. *United States,* 338 U.S. 160, 174; *United States* v. *Heitner,* 149 F.2d 105, 106.) Specifically it has been held that reasonable cause may be founded upon hearsay evidence. (*United States* v. *Walker,* 246 F.2d 519, 527; *United States* v. *Li Fat Tong,* 152 F.2d 650.) In determining whether reasonable cause exists in a particular case courts deal with probabilities and are not disposed to be unduly technical; rather, they act upon "the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act." (*Brinegar* v. *United States,* 338 U.S. 160, 175.) The test is whether a reasonable and prudent man in the possession of the knowledge which has come to the arresting officer, would believe the person arrested is guilty of a criminal offense. *Husty* v. *United States,* 282 U.S. 694, 701; *United States* v. *Sebo,* 101 F.2d 889, 890.

Measured by these standards, it is plain that the arrest in the present case was lawful, even though made without a warrant. Three persons, whose names were revealed at the trial, told the officer that a person who was described with considerable detail "used and peddled" narcotics. To any reasonable man this statement clearly meant that the person

described was guilty of the criminal offense of unlawfully selling narcotics. Thus, the first requirement for a valid arrest without warrant was met—the officer had knowledge that a crime had, in fact, been committed. The second requirement—that the officer had reasonable grounds to believe that defendant was guilty of the crime—was likewise met. Not only did the informants describe the person in detail, they told the officer where he could be found. Any reasonably prudent man in the possession of this information would be justified in believing that defendant was the man, since he answered the description and was located in the area specified by the informants. We therefore hold that the arrest was lawful and that the search of defendant's person at the time of the arrest was likewise lawful.

We have considered all of the errors assigned on this writ of error and find no prejudicial error. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*