(No. 36975.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDDIE PITTS, Plaintiff in Error.

*Opinion filed November 30, 1962.*

HOUSE, J., dissenting.

KAREL L. KOHLER-RAUSCH, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Eddie Pitts, was convicted under an indictment charging him with unlawful possession of narcotics. His motion to suppress the admission into evidence of certain narcotic drugs found on his person was denied. After a trial before a jury he was found guilty and sentenced to a term of not less than five nor more than ten years in the penitentiary. On this writ of error defendant contends his conviction must be reversed because it was based on evidence procured by an illegal search of his person in violation of his constitutional rights.

It appears from the record that the arresting officers had no knowledge of the defendant prior to the evening of January 6, 1961. At that time they were approached on the street at Madison and Western Avenue in Chicago by a man unknown to them. According to the testimony of the police officers, this unidentified man told them that they would find a man selling narcotics at 10 South Winchester. The informer stated the man's name was Eddie Pitts and that he would be wearing a camel hair coat and would be bareheaded. On the basis of this information alone the police officers proceeded to 10 South Winchester, gained access to the apartment building and waited in the second floor hallway. The defendant arrived at the apartment building, gained access to the building with his key, and was arrested without a warrant in the second floor hallway. A subsequent

search of defendant's pockets without a warrant revealed a narcotic drug which was the subject of the motion to suppress and which was admitted into evidence at the trial. On this appeal the parties concede that the sole issue in this case is the validity of the search of defendant and the seizure of the narcotic drug without a warrant.

It is well recognized that arresting officers have the right to search the person of one arrested as an incident to a lawful arrest. An arrest without a warrant is lawful if a criminal offense has been committed and the arresting officer has reasonable grounds for believing that the person arrested committed it. *People* v. *La Bostrie,* 14 Ill.2d 617; *People* v. *Boozer,* 12 Ill.2d 184.

In the case at bar, if the arresting officer had reasonable cause to believe Pitts had committed the offense, the arrest would have been valid and the subsequent search of his person reasonable. Without such reasonable cause, however, the arrest without a warrant would be illegal, and the subsequent search unreasonable. It, therefore, becomes our duty to determine from this record whether such reasonable cause existed.

This case is substantially similar to *People* v. *Parren,* 24 Ill.2d 572, where we reversed a conviction based on evidence procured by a search of defendant in his home without a warrant after the police had obtained information of the alleged possession of narcotics by an anonymous telephone call. The People, however, submit that this case is controlled by our approval of the search and seizure in *People* v. *Tillman,* 1 Ill.2d 525.

In the *Tillman* case the police received similar information from an anonymous source pertaining to the sale of narcotics by a man named "Trench Coat." In addition the police were informed of the residence of the accused, and that he was living with a heavy-set woman. After the arrest of a heavy-set woman standing in a robe in a hallway outside the defendant's room, the police found narcotics in her

possession. Through the open door the police observed a man matching perfectly the detailed description of the informer. They thereupon entered, arrested the accused, and made the search resulting in the seizure of heroin. The majority of this court there held the arrest and subsequent search was proper, stating at 1 Ill.2d 525, 531: "Finding narcotics on defendant's confederate gave much support to the officer's belief that Trench Coat was trafficking in narcotics."

The People in their brief seek to avoid *Parren* and embrace *Tillman* by insisting that the two cases taken together "made it clear that an officer can act on an anonymous tip, as here, without more, as long as the person arrested is not arrested in his home."

Such a view of the teaching of *Parren* conveniently ignores the explicit language of *Parren* where we said: "Although information provided by an anonymous informer is relevant on the issue of reasonable cause, in the absence of some pressing emergency, [citation] an arrest may not be based solely on such information, [citations] and evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the identity of, or past experience with, the informer may provide such evidence, [citation] and in others it may be supplied by similar information from other sources or by the personal observations of the police."

In *Parren* we then held *Tillman* inapposite, stating: "But in the *Tillman* case the arrest and search of the defendant did not take place until after the reliability of the informer had been indicated by the discovery of heroin on the person of the defendant's companion."

We specifically reject the contention of the People that we implicitly endorsed the search in the case at bar by relying upon evidence obtained by the search of the heavy-set companion in the *Tillman* case. This is a complete fallacy.

The constitutional right to be free from unreasonable search and seizure is personal, and defendant had no right to object to the seizure of property, not claimed to be his own, obtained from another, no matter how illegal the search or seizure. (*People* v. *Kelley,* 23 Ill.2d 193; *People* v. *Perry,* 1 Ill.2d 482; *People* v. *Pankey,* 349 Ill.App. 303.) It is further clear that reasonable cause for an arrest may be founded upon inadmissible evidence. (*People* v. *La Bostrie,* 14 Ill.2d 617.) We, therefore, had no occasion to approve or condemn the arrest of the companion which corroborated the informer's statement to the police in the *Tillman* case.

We are mindful that the existence of the reasonable cause which will justify an arrest and subsequent search without a warrant depends upon "the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act." (*People* v. *La Bostrie,* 14 Ill.2d 617, 622; *Brinegar* v. *United States,* 338 U.S. 160, 175, 93 L. ed. 1879.) Nevertheless we cannot believe that a prudent man would reasonably believe in the guilt of a person based solely upon the accusation of a single unknown and unidentified informer made on a street corner. It is conceded that the police officers in the case at bar had no additional basis for their arrest of defendant. If this court were to validate every arrest and search without warrant merely because the police received a tip from an unknown source, we would not dilute the constitutional guarantees, we would abolish them.

We reaffirm our decision in *People* v. *Parren,* 24 Ill.2d 572, which we regard as controlling in this case. It, therefore, follows that the arrest and subsequent search of defendant without a warrant were illegal, and the motion to suppress should have been granted. The judgment of the criminal court of Cook County must, therefore, be reversed.

*Judgment reversed.*

Mr. JUSTICE HOUSE, dissenting.