(No. 38492.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT McFADDEN, Plaintiff in Error.

*Opinion filed January 21, 1965.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Albert McFadden was convicted of the crime of unlawful possession of narcotic drugs in a bench trial in the criminal court of Cook County and sentenced to the penitentiary for a term of 2 years to 2 years and 1 day. A constitutional question gives us jurisdiction.

Defendant's sole contention is that the trial court erred in denying his motion to suppress the use of narcotics in evidence. The facts surrounding the search of defendant and the seizure of the narcotics are simple and not disputed.

At 12:20 o'clock P.M. on April 15, 1963, State Narcotic Inspector Mitchell Ware telephoned officer William O'Brien and said that defendant would be getting off a northbound bus at 61st and Halsted about 2:00 P.M. and that he would have narcotics in his possession. He also gave O'Brien a physical description of defendant and described the clothes he would be wearing. O'Brien and officer Kodatt then went to 61st and Halsted. Both of the officers testified that information from Ware had always been reliable, but they also knew that his information was based on a tip from an informant. At 2:05 P.M. defendant got off a northbound bus at that intersection, his description fit that given by Ware, the officers asked if he was McFadden, he said yes, and they arrested him. A search of his person produced the narcotics.

The reasonableness of the search depends, of course, on the lawfulness of the arrest which in turn depends on whether the arresting officers had reasonable grounds for believing defendant was committing a crime when they arrested him. The facts in this case are very similar to those in *Draper* v. *United States,* 358 U.S. 307, 79 S. Ct. 329. In that case special employee Hereford of the Bureau of Narcotics at Denver told officer Marsh that James Draper had gone to Chicago by train, that he was going to bring back three ounces of heroin and that he would return to Denver either on the morning of the 8th of September or the morning of the 9th of September also by train. Hereford gave Marsh a detailed physical description of Draper, described his clothing and said he would be carrying a tan zipper bag. Marsh watched all incoming trains from Chicago on September 8 without result. On the morning of the 9th he saw a person fitting the exact physical description and wearing

the precise clothing described by Hereford depart from the incoming Chicago train carrying a tan zipper bag. Marsh arrested Draper and a search of his person produced two envelopes of heroin. The court held the fact that Hereford's past information was reliable and the fact that Marsh's personal observation on the morning of September 9 verified all of Hereford's present information, except possession of narcotics by Draper, gave Marsh reasonable grounds to believe Draper had the narcotics.

The only real difference in this case is that the arresting officers knew Ware's information was acquired from an informer. In Draper it does not appear whether Hereford's information was based on personal knowledge. The basis for Hereford's information seems, however, to have been immaterial because all of it, except whether Draper had the narcotics, was personally verified by Marsh. Here all of the information furnished by Ware, except possession of narcotics by defendant, was personally verified by the officers before the arrest. Here, as in the *Draper* case, we believe the proven past reliability of Ware plus the independent verification of all of the present information, except possession of narcotics by defendant, gave the arresting officers probable cause to believe that the final bit of information was also correct.

Defendant has argued that a "tip from an unknown source is not distilled to the strength of 'probable cause' by filtering it through a 'reliable' police officer." The probable cause of the arresting officers was not based solely on Ware's past reliability as defendant argues, however, but was based on his past reliability plus their verification of the present information except for possession of the narcotics by defendant.

He also argues that the case of *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. ed. 2d 723, controls the decision to be made in this case. In *Aguilar* two Houston police officers obtained a warrant from a local justice of

the peace to search petitioner's home for narcotics based on an affidavit the relevant part of which stated: "Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates, and other narcotics and narcotic paraphernalia are being kept at the above premises for the purpose of sale and use contrary to the provisions of the law." The court pointed out that the Houston police officers' belief that there were narcotics on the premises was based on information from an unidentified informant and there was nothing to show that the informant spoke with personal knowledge. In holding that the affidavit did not show probable cause for the issuance of the warrant, the court stated, "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones* v. *United States,* 362 U.S. 257, 80 S. Ct. 725, L. ed. 2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf* v. *United States,* 376 U.S. 528, 84 S. Ct. 825, 11 L. ed. 2d 887, was 'credible' or his information 'reliable.'" 378 U.S. 108, 84 S. Ct. 1509, 1514, 12 L. ed. 2d 723, 729.

Defendant contends that the arresting officers in this case are in the position of the magistrate in *Aguilar;* that Ware is in the position of the Houston police officers and that Ware's information to the arresting officers must meet the requirements that an affidavit to a magistrate must meet in order to show probable cause. The fallacy of this contention is the assumption that the officers acted solely on the information obtained from Ware. In *Aguilar* the magistrate issued the warrant based solely on information contained in the affidavit which the court found did not show probable cause. In this case the arresting officers determined there was probable cause to believe defendant was com-

mitting a crime not solely because of information furnished by Ware but because of his information plus their verification of all of that information except the possession of narcotics.

The *Draper* decision, which was recently cited with approval in *Beck* v. *State of Ohio,* 379 U.S. 89, 85 S. Ct. 223, 13 L. ed. 2d 142, is in our opinion controlling of the issues raised in this case. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*