(No. 38941.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE McCRAY, Appellant.

*Opinion filed May 20, 1965.—Rehearing denied September 27, 1965.*

SCHAEFER, J., concurring.

SAM ADAM, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH V. RODDY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal presents the question of the validity of an arrest by a police officer without a warrant based upon information supplied by an unidentified informant. Defendant, George McCray, was tried before a judge of the circuit court of Cook County on a charge of unlawful possession of narcotics, found guilty, and sentenced to a term of from two years to two years and one day.

On this appeal defendant seeks reversal on the sole ground that his constitutional rights were violated by the introduction into evidence of narcotics found on his person at the time of his arrest.

Prior to trial defendant filed a motion to suppress the evidence of the narcotics. In support of the motion defend-

ant testified that on January 16, 1964, he had just left a friend's house at 5 :30 A.M. and was walking on 49th Street and Calumet Avenue in Chicago when he was arrested by police officers without a warrant. He was searched and police seized narcotics from him.

Charles Jackson, one of the arresting officers, testified that he and officers Arnold and Nance met with an informant at 47th and Calumet on the morning of the arrest. He stated that he had known the informant for approximately one year and had talked to him many times securing information regarding narcotics and that the information received resulted in numerous arrests and at least 6 or 7 convictions. He stated that the informant told him that he saw one "Boobie George" selling narcotics in the vicinity and that he had narcotics with him. Officer Jackson knew that "Boobie George" was the name used by defendant, George McCray, because he had had occasion to arrest the defendant previously. The informant then directed the police to the area where the defendant had been seen walking.

The other arresting officer, James Arnold, stated he had known the informant for five years and had talked to him about narcotics about fifty times. Arnold testified that from this information numerous arrests and convictions had been secured. Arnold also testified as to the information given by the informant and stated that he knew Boobie George was the defendant, George McCray, because he had been acquainted with him and had seen him at least fifty times prior to the arrest.

The two officers then found the defendant walking around 48th and Calumet and arrested and searched him and found narcotics on his person. The defendant denied that he had sold narcotics and stated that he had been at a friend's house all night.

Defendant's counsel asked both officers the name of the informant and his present address, and the trial court

sustained objections to all such questions. The trial court denied defendant's motion to suppress the evidence of the narcotics and the defendant was convicted of the charge of possession of narcotics.

The State contends that the search and seizure and the resulting conviction in this case are proper under our ruling in *People* v. *Durr*, 28 Ill.2d 308. The defendant, however, argues that the facts in the case at bar are distinguishable from *Durr*, or, in the alternative that the *Durr* case should be overruled.

The crux of the case is the question of the legality of the defendant's arrest, since it is clear that a search of the person without a warrant is proper, and the evidence found is admissible, if the search is incident to a lawful arrest. *People* v. *Pitts*, 26 Ill.2d 395; *United States* v. *Rabinowitz*, 339 U.S. 56, 94 L. ed. 653.

An arrest by a police officer without a warrant is lawful if the officer "has reasonable ground for believing that the person to be arrested has committed" a criminal offense. (*People* v. *Durr*, 28 Ill.2d 308.) In *Durr* we held that such reasonable ground may be supplied by information from an informant of established reliability, even though the State refuses to reveal the identity of the informant, provided that the informant neither participated in the crime or was present at the time of the arrest.

Defendant attempts to distinguish the *Durr* case on the ground that Durr did not contradict the truth of the statements made by the informant, but this defendant testified that he had just left a friend's house, thereby contradicting the informant's statement that he had seen him selling narcotics in the vicinity.

We do not think this difference in facts makes the rationale of *Durr* inapplicable to the case at bar. The criterion established in the *Durr* case was whether or not the reliability of the informant was so established as to justify a reasonable basis for the police officers' belief that the per-

son to be arrested had committed a crime. The subsequent denial of a sale by the defendant cannot affect the issue of whether or not the officers had a reasonable basis to believe he was committing a crime. We therefore consider *People v. Durr* applicable to the case at bar.

We have, however, because of the importance of the issues involved, carefully considered defendant's argument that our decision in *Durr* should be overruled.

It is well settled in this State that arresting officers may have reasonable grounds for believing a defendant was committing a crime based upon information supplied by an informant if the reliability of the informant has been previously established or independently corroborated. *People v. McFadden,* 32 Ill.2d 101; *People v. La Bostrie,* 14 Ill.2d 617; *People v. Tillman,* 1 Ill.2d 525; *Draper v. United States,* 358 U.S. 307, 3 L. ed. 2d 327.

However, we have also held that information obtained from a source unknown to the police officer is not sufficient in itself to establish such reasonable grounds for belief as to justify an arrest and incidental search without a warrant. *People v. Pitts,* 26 Ill.2d 395; *People v. Parren,* 24 Ill.2d 572.

We also feel that on a motion to suppress evidence, the State must show the basis of the arresting officers' belief, including facts relating to the credibility of the informant. (*Aguilar v. Texas,* 378 U.S. 108, 12 L. ed. 2d 723, 729.) While the *Aguilar* case involved an application for a search warrant rather than an arrest without a warrant, the language of the majority opinion at 378 U.S. 108, 12 L. ed. 2d at 729, is pertinent: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 4 L. ed. 2d 697, 80 S. Ct. 725, 78 A.L.R. 2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and

some of the underlying circumstances from which the officer concluded that the informant, *whose identity need not be disclosed,* see Rugendorf v. United States, 376 U.S. 528, 11 L. ed. 2d 887, 84 S. Ct. 825, was 'credible' or his information 'reliable'." (Emphasis supplied.)

In the case at bar both arresting officers testified fully as to long knowledge of the informant, and his proven reliability based upon six or seven convictions resulting from his information. Their testimony was even more complete than that contained in an affidavit for a search warrant approved in *Jones v. United States,* 362 U.S. 257, 267, 4 L. ed. 2d 697, 706. In addition, the informant's tip was in part corroborated by the fact that the officers found defendant in the same vicinity as reported to them by the informant. See *People v. McFadden,* 32 Ill.2d 101.

We therefore conclude that the evidence on the motion to suppress justified a determination that the officers had such a reasonable belief that defendant was committing a criminal offense as to justify the arrest without a warrant and the subsequent incidental search.

The only remaining issue is whether the State's reliance on the "informant's privilege," in refusing to reveal his identity, vitiates the otherwise lawful arrest.

In *People v. Durr,* 28 Ill.2d 308, we recognized the difference of opinion on this subject, and carefully examined the opposing policies involved. We concluded that justice would be better served by sustaining the privilege and upholding the arrest.

Defendant, however, insists that our decision in *Durr* makes the arresting officer the sole judge of the reliability of the informant, and therefore the final arbiter in determining the propriety of the arrest. We do not agree. In *Durr,* and more fully in the case at bar, the arresting officers testified to specific facts justifying their reliance on the informant. Here an arresting officer gave the names of specific persons convicted on the basis of information supplied by

the same informant. It remained for the trial judge to determine the credibility of the witnesses and to decide if the facts proved justified the officers reliance on the informant.

We understand that defendant's cross-examination on this issue is limited by the nondisclosure of the informant, but we feel that this right of full cross-examination must give way in the face of a compelling policy to protect informants in the stealthy and vicious traffic in narcotics. The preliminary hearing, and the information given by the informant, did not go to the guilt or innocence of the accused. There is no suggestion that the informant was so involved in defendant's activity that fundamental fairness requires that his identify be revealed for the defense of the charge. (*Cf. People* v. *Mack,* 12 Ill.2d 151; *Roviaro* v. *United States,* 353 U.S. 53, 1 L. ed. 2d 639.) Nor is defendant denied the right to face his accuser in any constitutional sense, for nothing the information revealed would be admissible upon the trial of the charge.

It appears implicit in the argument of defendant, and also in those opinions adopting a contrary view to *Durr* that an arresting police officer is less worthy of belief than an ordinary witness. We cannot subscribe to this belief. Trial courts must constantly determine the credibility of police officers in cases of alleged brutality, in cases where the arresting officer has seen a crime being committed, and on other matters of fact involving the legality of arrests or convictions. We refuse to accept the argument that the testimony of a police officer, under oath as to facts establishing the reliability of an informant, is incredible of belief. The trial court here was entitled to determine the credibility of these officers in their testimony that the informant here was proved reliable by six or seven narcotics convictions arising out of information obtained from him.

In addition to re-examining the policies underlying our decision in *Durr,* we have also considered the recent decisions of Federal courts urged upon us that were published

subsequent to our decision in *Durr*. In *Costello* v. *United States,* (9th cir.) 298 F.2d 99, 101, the arrest was held invalid where the informant was uncorroborated and was unknown even to the police. In *United States* v. *Robinson,* (2d cir.) 325 F.2d 391, a conviction was reversed where the defendant was refused the name of the informant by the trial court. However, it also appears that the trial court apparently held that the narcotics agent was not subject to further examination on other crucial facts.

In *Aguilar* v. *Texas,* 378 U.S. 108, 12 L. ed. 2d 723, the Supreme Court clearly indicated in the case of a search warrant that the name of the informant need not be revealed if sufficient facts are shown to establish reliability.

We are well aware that there are decisions in other jurisdictions that cannot be reconciled with the view we take. Many of these decisions were referred to in the majority opinion in *People* v. *Durr,* 28 Ill.2d 308, 314, and in the dissenting opinion at 28 Ill.2d 319. Nevertheless, we believe that an accused is afforded constitutional protection against unreasonable search and seizure if the State is compelled to support a search incidental to an arrest without a warrant by credible evidence showing the basis for reasonable cause by the arresting officer. We do not believe that it is necessary to bare the identity of every informant assisting society in its struggle against the narcotic traffic in order to preserve the fundamental guarantees of the constitution. Otherwise the so-called informant's privilege and its value would disappear. We, therefore, adhere to our decision in *People* v. *Durr,* 28 Ill.2d 308, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, concurring:

I concur under the compulsion of *People* v. *Durr,* 28 Ill.2d 308.