(No. 39745.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES WILLIAM McCRIMMON, Appellant.

*Opinion filed March 29, 1967.*

Richard F. LeFevour and Robert S. Bailey, of Oak Park, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

The defendant, James McCrimmon, and two co-defendants, were found guilty of robbery by a jury in the circuit court of Kane County. McCrimmon was sentenced to the penitentiary for a term of five to twenty years.

The defendant raises a constitutional question in his appeal in which he asserts that evidence which was the product of an unreasonable search and seizure was admitted at his trial. He also contends that there was error in the method the State used to show a prior conviction of the defendant for the purpose of impeachment.

On December 14, 1964, at approximately 2:30 A.M. Lillie Bingham closed her restaurant in Aurora. As Mrs. Bingham and two employees stepped outside the building they were robbed at gunpoint by three masked men. Mrs. Bingham testified that a "large" man with a gun said to her: "Lil, this is a stickup." He added, she said, that if she made an outcry he would "blow her head off." Shortly thereafter, police officers, Peter Perez and William Hornyan, who knew the defendant, observed him in a parked auto about a block from the restaurant. Moments later Perez and Hornyan were informed of the crime by radio and were directed to proceed to Mrs. Bingham's restaurant. Driving to the scene, Perez and Hornyan again noticed the defendant in the auto. Aurora police officers James Bessette and Thomas Herlihy also proceeded to the restaurant in response to the report of the robbery.

Mrs. Bingham told the policemen that there had been three robbers and that they had taken her brocaded purse. She also gave the policemen descriptions of two of the three men. She described one of the robbers as a tall, stocky, broad-shouldered man with light trousers and a dark jacket. Officer Perez testified at the hearing that Mrs. Bingham described the same robber as "a fairly large person, heavy set, posture not regular but bowed a little bit forward."

Officers Herlihy and Perez testified at the hearing that the descriptions given caused them to call to mind the defendant, who was known to them. Bessette, who also knew the defendant, testified at the hearing that when he heard Mrs. Bingham describe two of the robbers he formed an opinion that McCrimmon definitely answered one of the descriptions.

The record of the hearing shows that after the officers had interviewed the victim, Hornyan and Perez phoned the police station to advise that the defendant was wanted in connection with the robbery. A radio order was then dispatched to pick up the defendant. Officers Bessette and Herlihy received this order in their squad car and shortly thereafter, at approximately 3:20 A.M., they observed the defendant and two other men in the defendant's auto. They pursued the auto, and Officer Bessette testified that as they were overtaking the defendant's auto there appeared to be a "commotion" in the front seat. They stopped the car and ordered the defendant and the other men out at gunpoint. Then Officer Bessette directed his flashlight through the open door of the auto and observed a brocaded purse protruding from the space under the front seat. He picked up the purse and a revolver fell from it.

Prior to trial the defendant moved to suppress the purse and revolver as evidence and urged that the officers did not have probable cause to make a lawful arrest and as a consequence the search and seizure were unreasonable. The trial court accepted the State's argument that the arrest

was lawful and the search and seizure were incident to it and denied the motion.

We said in *People* v. *Peak,* 29 Ill.2d 343 at 348, that "Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is guilty. *People* v. *Fiorito,* 19 Ill.2d 246; *People* v. *Jones,* 16 Ill.2d 569; *People* v. *La Bostrie,* 14 Ill.2d 617." In considering further the boundaries of probable cause, this court in *People* v. *Jones,* 31 Ill.2d 42 at 47, said that "mere suspicion, common rumor or report do not afford probable cause for arrest, (*People* v. *Pitts,* 26 Ill.2d 395; *United States* v. *Di Re,* 332 U.S. 581, 92 L. Ed. 210,) yet, at the same time, reasonable cause means something less than evidence which would result in a conviction, and it is also established that reasonable cause may be founded upon evidence that would not be admissible at the trial. (*People* v. *La Bostrie,* 14 Ill.2d 617; *Brinegar* v. *United States,* 338 U.S. 160, 93 L. Ed. 1879; *Husty* v. *United States,* 282 U.S. 694, 75 L. Ed. 629.)"

Whether probable cause existed depends upon the totality of the facts and circumstances in a given case. *People* v. *Erickson,* 31 Ill.2d 230; *People* v. *Davis,* 34 Ill.2d 38; *People* v. *Jones,* 31 Ill.2d 240.

Here, the arresting officers knew a crime had been committed. The police officers knew the defendant had been in the immediate area of the robbery shortly after its commission, which was in the early hours of morning. The defendant answered the description of one of the robbers which had been given to the police by the victim, and the description was sufficiently particularized to cause the investigating officers to recognize the defendant.

Viewing the totality of the facts and circumstances known to the officers at the time of the arrest there was

probable cause for them to believe that the defendant had committed the offense. Therefore, the search of the defendant's auto following the arrest was incident to a lawful arrest.

An examination of the cases cited in support of the defendant's argument that there was not probable cause for arrest discloses that they are factually inapposite to the case here.

In *Wong Sun* v. *United States,* 371 U.S. 471, 9 L. Ed. 2d 441, the officers acted on information supplied by one under arrest and who was not an informer of known reliability. The court said that the information supplied merely invited the officers to comb an area of some 30 blocks in search of a "Blackie" Toy. By chance or otherwise the officers entered the laundry of a James Wah Toy, which bore the uninformative sign "Oye's." There was nothing in the record to indicate that the officers had information to cause them to associate "Blackie" Toy with James Wah Toy, the defendant. Simply, the information supplied was not of such a nature as to have given probable cause to arrest James Wah Toy.

The Supreme Court in *Henry* v. *United States,* 361 U.S. 98, 4 L. Ed. 2d 134, found the arrest there was founded on mere suspicion. Agents observed the defendants loading packages from a distance of 300 feet. The agents did not know the shape or the contents of the packages or have evidence that they were stolen packages. The court held that the conduct of the defendants was outwardly innocent and did not give rise to probable cause.

A policeman in *Beck* v. *Ohio,* 379 U.S. 89, 13 L. Ed. 2d 142, was told by an unidentified informant something, the nature of which was not disclosed, about the defendant. The officer knew the defendant by appearance and knew he had a record of gambling arrests or convictions. The court held there was not probable cause for arrest.

In *People* v. *Parren,* 24 Ill.2d 572, the police had re-

ceived information from an anonymous source that a man known as "Moose Jaw" was selling dope on the fourth floor of a designated apartment building. The police arrested the defendant on the foregoing facts. This court held that an unverified tip by an anonymous informer does not of itself constitute probable cause.

The defendant complains that the State in seeking to impeach his credibility by proof of a prior conviction of an infamous crime did not introduce into evidence the record of such conviction or an authenticated copy of such record. He urges that the trial court erred in admitting parol evidence of the defendant's prior conviction.

It has been the consistent holding of this court that proof of the prior conviction of an infamous crime to impeach the defendant's testimony shall be by the record of conviction or an authenticated copy. (*People* v. *Moses,* 11 Ill.2d 84; *People* v. *Bennett,* 413 Ill. 601; *People* v. *Kosearas,* 408 Ill. 179; *People* v. *Halkens,* 386 Ill. 167; *Bartholomew* v. *People,* 104 Ill. 601). While in *People* v. *Neukom,* 16 Ill.2d 340, and *People* v. *Squires,* 27 Ill.2d 518, the defendants had been cross-examined concerning prior convictions of infamous crimes, it was the fact that copies of the records of conviction had been introduced that avoided reversible error. However, a procedure which permits the impeaching material to be presented against the defendant twice and in two forms, *viz.,* by cross-examination and by the record, is not approved. Impeachment of the defendant should be by means of the record of conviction or an authenticated copy.

Here, the defendant testified in his own behalf at trial. Following his testimony the State called the clerk of the court to testify to the defendant's prior conviction, in the same court, of an infamous crime. The witness testified that he had with him a record known as the Judge's docket for criminal matters of the court for the years 1955-1960. He also testified as to the caption of the case; the return of the

indictment in open court which charged the defendant with the crime of taking indecent liberties with a child; the arraignment; defendant's plea of not guilty; that there was no jury impaneled in the case and that the docket did not reflect whether or not a jury was waived; the judgment of conviction; and that the defendant was sentenced to a term of not less than three nor more than eight years. A deputy sheriff then testified that the defendant was the same James W. McCrimmon who had been the defendant in the case concerning which the clerk had testified.

The attorney who represented the defendant at trial did not offer an objection at trial or in the motion for a new trial that the prior conviction of the defendant should have been shown by a certified copy of the record or the record itself. He did object at the conclusion of the clerk's testimony on the ground that there was no proof of the impaneling of a jury or the waiver of a jury. At the close of his cross-examination of the clerk the defendant's attorney examined without comment the docket record from which the witness had testified. The attorney did not offer any objection to the testimony of the deputy sheriff. In his motion for a new trial the defendant reasserted the same ground of objection to the clerk's testimony as had been presented at trial. The record shows that the defendant's attorney in his argument on the motion said: "And, therefore, if the court will recall our objection at the time, it was it did not show the impanelling of the jury or the waiver of the jury."

In *People* v. *Jennings,* 298 Ill. 286, as here; there had been a contention that the trial court had erred when it had admitted parol evidence of the defendant's prior conviction. We said at page 288: "It is well settled that the judgment and sentence of a court on a former conviction of an infamous crime cannot be proved by parol evidence, and had this objection been urged at the time the testimony was offered, the court, doubtless, would have refused to admit

it; but plaintiff in error's objection to the parol evidence was general and not upon the ground that the record should be produced to prove the facts, and not having raised the specific objection he must be held to have waived it."

In *Jennings,* at page 289, we quoted *Simons* v. *People,* 150 Ill. 66, wherein this court had stated: "It is clear that the prosecution had no right to prove by parol that the defendant was convicted of an infamous offense, but the evidence was not objected to on the ground that the fact could not be proved by parol. It was not suggested to the court that the fact of conviction could only be proved by an authenticated copy of the record. Had the objection been made on this ground, doubtless the court would have excluded the evidence. The general objection made by the defendant was not sufficient." See also, *People* v. *Mangano,* 354 Ill. 329.

Generally, the failure to make a proper and timely objection constitutes a waiver of error, if any, (*People* v. *Williams,* 28 Ill.2d 114; *People* v. *Hall,* 308 Ill. 198,) and this includes cases where the best evidence had not been introduced. (*People* v. *Trefonas,* 9 Ill.2d 92, 98.) In *Trefonas,* at page 98, we said: "A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial." Therefore, we hold that the objection to the evidence on a stated ground constituted a waiver of objection on grounds not specified. *People* v. *Washington,* 23 Ill.2d 546, at 548.

Additionally, we cannot perceive that the defendant here was prejudiced by the irregularity in impeachment.

The judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*