(No. 40190.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HENRY IVORY *et al.*, Appellants.

*Opinion filed November 30, 1967.*

340

WARD, J., took no part.

GETER & GETER, of Chicago, (HOWARD D. GETER, SR. and HOWARD D. GETER, JR., of counsel,) for appellants. .

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and PATRICK MURPHY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Henry Ivory, James Banks and Cashius Minor, hereinafter referred to as the defendants, together with three men, Clarence Phillips, De D. DeWhittey and John Mack, were indicted for the crime of gambling, specifically for violation of sections 28—1(a)(5) and 28—1(a)(8) of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38), prohibiting use or possession of policy tickets and other similar gambling devices. All six made motions to suppress which were consolidated for hearing because they were based on substantially the same facts and circumstances. The trial court sustained the motion as to Phillips, DeWhittey and Mack

but overruled the motion as to the defendants who then proceeded to trial, were found guilty and sentenced to a term of six months in the county jail and fined $500 each. On appeal, they alleged that their motions to suppress should have been sustained since the evidence upon which their convictions were based "was secured as a result of an illegal search and seizure."

Larry Thompson, a Chicago police officer, testified that three days prior to the defendants' arrest he received information from a reliable informant that "there was a policy turn-in spot on the street at 746 E. 89th Place, in that area", that it operated by having "a man drive up in his car and the other men, the pickup men, would approach and hand him the receipts of drawings", but that he (the informant) did not know exactly what was in the bags that were handed over. Pursuant to this information, on the next night he and his partner went to the area where they observed the six men just "standing and talking". On the following night, they returned to the area and saw Phillips drive up in a 1965 Buick and, while sitting in the car, receive brown bags from Mack and DeWhittey who then stood and talked with him. At this time the officer approached the car and arrested them. He confiscated the bags, determining that they contained gambling devices, placed the arrested men in the police car, and went back to sit in Phillips's Buick. Subsequently, each of the defendants, Ivory, Banks and Minor, at approximately five-minute intervals, handed a brown bag, containing policy tickets, to the officer who then arrested them.

The trial court sustained the motions to suppress as to Phillips, Mack and DeWhittey holding that no probable cause for their arrest existed since the arresting officers had not known, prior thereto, "what was in the bags." The court overruled the motions as to the defendants since "[T]hey surrendered the prcperty [the bags and their contents] voluntarily."

On review, the defendants argue that the arresting officer was unlawfully in possession of Phillips's car, since the trial court held the officer had no probable cause for arresting Phillips, and therefore their arrests were illegal because the police "should not be permitted to profit from their own wrongdoing" (the alleged trespass to Phillips's property rights). They further contend that under *People* v. *De Fillipis,* 34 Ill.2d 129, they have standing to suppress the evidence obtained as a result of this wrongdoing, even though the wrongful act was not directed against them.

The State does not question the right of the defendants to move to suppress the policy tickets. The only real issue in conflict is the legality of the defendants' arrest and resultant seizure of the contraband. As defendants assign only the one ground for overturning the trial court's ruling, the resolution of this issue depends upon determining whether the arresting officer was pursuing such a course of illegal activity at the time of arrest as to invalidate that arrest and the fruits thereof. See *People* v. *Dalpe,* 371 Ill. 607; *People* v. *Scaramuzzo,* 352 Ill. 248.

In making this determination, the defendants charge that we are bound by the trial court's ruling that the arrests of Phillips, DeWhittey and Mack were illegal. This, they say, made the officer's subsequent activity illegal, and because the State never appealed therefrom, we are precluded from reviewing that ruling. We cannot agree. The effect of the State's failure to appeal [pursuant to statutory authorization (Ill. Rev. Stat. 1965, chap. 38, par. 120—1, superseded by Supreme Court Rule 27(4)(a))] the sustaining of the motion to suppress as to Phillips, DeWhittey and Mack, was to bar the use of the suppressed evidence in the prosecution against them. It does not preclude us from making an independent determination of the propriety of the trial court's ruling on that motion when the question and all the facts relevant to its disposition are properly before this court. Because the motions to suppress

were consolidated, all such facts relevant to determining the legality of the police officer's arrest of the six defendants are before us for consideration.

Regarding the legality of an arrest without a warrant, in *People* v. *Jones,* 31 Ill.2d 42, 46, 47, we stated:

"The applicable law is not in dispute for it has long been settled that an arrest without a warrant is lawful if a criminal offense has in fact been committed and the arresting officer has reasonable grounds for believing the person to be arrested committed it. [Citations.] And while a completely satisfactory and inflexible definition of what constitutes reasonable grounds is not possible to formulate, it is generally agreed that reasonable grounds or probable cause for arrest exists if the facts and the circumstances known to the officer would warrant a prudent and cautious man in believing that the person arrested was guilty of an offense. [Citations.] The difficulty, as was noted in *People* v. *La Bostrie,* 14 Ill.2d 617, lies in applying the law to the facts of each case, or, more realistically, in determining if the facts and circumstances of the particular case give rise to reasonable grounds or probable cause for arrest.

"It is certain that mere suspicion, common rumor or report do not afford probable cause for arrest, (citation) yet, at the same time, reasonable cause means something less than evidence which would result in a conviction, and it is also established that reasonable cause may be founded upon evidence that would not be admissible at the trial. * * * Again, it has been stated that existence of reasonable cause which will justify an arrest without a warrant depends upon 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' [Citation.] But at the same time it has been observed that police officers 'often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals.' [Citation.]"

Applying the criteria set forth in *Jones* to the circumstances of the arrest here, we find there were reasonable grounds for the arrests of Phillips, DeWhittey and Mack. The arresting officer acted on information from a man he testified was a reliable informer, and this information was, to some extent, corroborated by the officers prior to the arrests. While the informer did not specify the exact nature of the contents of the bags which were passed among the men, from the entire context of his tip and the subsequent observation of the events as described, it was reasonable for the police officer, in light of his wide practical experience with this type of gambling operation, to conclude that the bags contained some kind of gambling paraphernalia. We find that the arrests of Phillips, DeWhittey and Mack were legal.

It therefore follows that the arresting officers had authority to search them (see Ill. Rev. Stat. 1965, chap. 38, par. 108—1), and take possession of Phillips's car, since contraband was carried and there was no trespass. Thus the officers were guilty of no wrongdoing or illegal activity when they arrested the defendants and seized the policy tickets in question. Therefore, we affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.