The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard Hamilton, Defendant-Appellant.

(No. 54112;

First District—July 15, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Saul Brauner, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a non-jury trial, Richard Hamilton was found guilty of possessing narcotics and was sentenced to serve from five to seven years in the peni-

tentiary. He contends the trial court's refusal to suppress the evidence was error.

Hamilton was arrested about 11:30 P.M. on the night of July 13, 1966, at 1339 South Independence Boulevard, Chicago, by three police officers who had been directed to him by an informer. One of the arresting officers, Henry Pates, had used the informer on at least ten previous occasions and found him reliable each time. The informer told Pates that Hamilton had just sold him narcotics and still had some in his possession.

The policemen drove to the address given them and saw Hamilton sitting on the curb in front of the building. As the car approached, Hamilton, whom Pates had known for a dozen years, placed his hand to his mouth as if placing something in it. One of the officers, Clifton Martin, turned his flashlight on Hamilton, a black man. Pates and Martin saw white powder around the corner of his mouth, and Martin observed that his mouth seemed full. Martin asked Hamilton what he had in his mouth. When he opened his mouth a tinfoil packet fell out. Martin opened the packet, saw a white powder, and arrested Hamilton. The officers then asked whether he had any more, and Hamilton took two more packages out of his mouth. At the trial, is was stipulated that the three packages contained heroin.

By stipulation, the motion to suppress was heard concurrently with the trial. Hamilton admitted possessing the heroin, which he said was for his own use, but he denied dropping one package or giving up the other two. He said he had returned from a basketball game and was sitting on the steps before going into his house. He said the officers drove up, shined a flashlight on him, jumped out of their car, struggled with him and forced him to open his mouth. He also testified that Pates had harassed him after the arrest by stopping and searching him fifty to sixty times. This was denied by Pates who admitted, however, that he had arrested the defendant on three occasions.

■■ An arrest without a warrant is proper if the arresting officer has reasonable grounds to believe that a criminal offense has been committed by the person arrested. (*People v. McCrimmon* (1967), 37 Ill.2d 40, 224 N.E.2d 822; *People v. Peak* (1963), 29 Ill.2d 343, 194 N.E.2d 322.) There was probable cause for Hamilton's arrest. The arresting officers were told by a reliable informer that he had bought heroin from Hamilton and that Hamilton had some left. The informer told them where he had made his purchase and the officers drove to that location. As they pulled to a stop, they saw Hamilton stuffing something into his mouth as if to conceal it and white powder was discernible on his face. The color of Hamilton's skin made the powder noticeable and made it unlikely that the powder was a white cosmetic. When Hamilton opened his mouth to

reply to a question a tinfoil packet fell to the ground. With the information the officers had and the things they saw, they had probable cause to believe that Hamilton possessed narcotics.

When officers have probable cause to make an arrest, evidence obtained in a search incidental to the arrest is admissible against the accused even though it is seized without a search warrant. (*People v. McCray* (1965), 33 Ill.2d 66, 210 N.E.2d 161.) Moreover, the packet that fell from Hamilton's mouth was in open view before he was arrested. It was opened and its contents—white powder—examined by experienced members of the police department's narcotics squad. As to this packet there was no search. When unconcealed contraband is picked up by the police there is neither search nor seizure. (*Trujillo v. U.S.* (1961), 294 F.2d 583.) The second and third packets were recovered as a result of the officer's demand that Hamilton open his mouth. This search was permissible as an incident to the lawful arrest. *People v. Davis* (1965), 33 Ill.2d 134, 210 N.E.2d 530.

The judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.