THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT FORD *et al.*, Defendants-Appellants.

Third District No. 76-210

Opinion filed July 29, 1977.—Rehearing denied August 29, 1977.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellants.

William D. Henderson, State's Attorney, of Macomb (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendants Robert Ford and Michael Simpson appeal from convictions of theft of property valued in excess of $150. Defendant Ford was sentenced to two years probation conditioned, in part, upon payment of a $1,000 fine and court costs. Defendant Simpson was sentenced to a term of one to three years imprisonment. On appeal in this court, defendants argue that the trial court erred in denying defendants' motion to suppress their confessions, on the ground that the confessions followed the illegal arrest of defendants.

It appears from the record that on October 17, 1975, an information was filed in the Circuit Court of McDonough County which charged that on October 17, 1975, defendants, along with Jack Koontz, stole over $150 worth of soybeans from Phil Marshall and Charles Flack, in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1).

On December 15, 1975, defendants filed motions to suppress their confessions, and alleged that the confessions were involuntary due to the defendants' ingestion of LSD. After a hearing, the trial court denied the motions.

Trial of the case was begun before a jury on February 19, 1976. While the State's second witness was testifying, defense counsel renewed his motion to suppress the confessions. Defense counsel argued that the testimony of the witnesses raised a question regarding whether the police had probable cause to arrest defendants, and that if the arrest were without probable cause, the confessions would be inadmissible. After a discussion about the timeliness of defendants' challenge, the trial court excused the jury and conducted a hearing on the issue raised.

Testimony was heard at the hearing from Phil Marshall, the owner of the soybeans which were allegedly stolen by defendants, and from Sheriff John Bliven of McDonough County, who arrested defendants. The testimony indicated that, at the time Sheriff Bliven arrested defendants on October 17, 1975, the sheriff did not know that defendants had stolen the

beans from Phil Marshall, and that the sheriff first learned that the beans were in fact stolen from Phil Marshall when defendants confessed on the morning of their arrest.

The evidence, however, did show that on October 17, 1975, Sheriff Bliven received radio notification from the Mason County Sheriff's Office that three young boys in a yellow pickup truck had attempted to sell soybeans at two grain elevators in Havana; that the elevator operators had declined to purchase the beans because they were suspicious of the boys; and that the boys had left Havana in the truck, crossing a bridge and heading west into Fulton County. Sheriff Bliven also testified that he was informed by the Mason County Sheriff's Office that one of the boys had given the name "Bobby Ford" at one of the elevators, and that another of the boys wore a red and black plaid coat. There was also a stolen vehicle report on the pickup truck.

Sheriff Bliven testified that after he had received the information as to the thefts by radio, he rode east from Macomb, toward Fulton County and into Fulton County with the intention of intercepting the truck. While the sheriff was on this route, he received a radio message from the Fulton County Sheriff's Office that one of the boys and the truck were at an elevator in Ipava, Fulton County, and that the boy was using the name "Bobby Ford." It was also noted that Sheriff Bliven was familiar with defendant Ford, who resided in Bardolph, near Macomb, McDonough County. The sheriff testified that as he was then driving down Main Street in Ipava, he noted defendant Ford, who was known to the sheriff, and defendant Simpson, who was wearing a red and black plaid coat, were sitting on a bench. He then placed defendants under arrest. Sheriff Bliven then drove, with the defendants, to the grain elevator in Ipava, where Sheriff Ellsworth of Fulton County had just taken Jack Koontz into custody and where the yellow pickup truck was located.

The sheriff subsequently transported defendants to the McDonough County Sheriff's Office, where defendant Simpson orally confessed to the theft of the soybeans and directed the sheriff to the location from which the beans had been stolen. As Sheriff Bliven arrived at the site of the theft, Phil Marshall was discovering the theft of the beans, but had not previously communicated the theft to any police agency. After Sheriff Bliven returned from the Marshall farm, Bliven took written confessions of the theft from defendant Simpson at 9:20 a.m., from defendant Ford at 10:40 a.m., and, after transporting Jack Koontz from the Fulton County Sheriff's Office, from Koontz at 2:30 p.m., all on October 17, 1975.

After presentation of the foregoing testimony and following arguments of counsel, the trial court ruled that Sheriff Bliven had possessed probable cause to arrest defendants, and the trial thereafter resumed in the

presence of the jury. The jury heard testimony from Mr. Marshall, who testified to the apparent loss of soybeans from a storage bin on his farm; from an investigator with the State's Attorney's office, who testified to the sale by defendants of 53 bushels of soybeans from the pick-up truck to a Macomb elevator for $4.80 per bushel; and from Sheriff Bliven who testified concerning statements by the boys (admitting the theft of the beans) taken from defendants and Koontz. The statements of defendants and Koontz were admitted into evidence over the objection of defendants.

At the close of the evidence, the jury found defendants and Koontz, guilty of theft of property having a value of $254.13. The trial court, as we have noted, sentenced defendant Ford to two years probation, conditioned, in part, upon payment of a $1,000 fine and court costs, and sentenced defendant Simpson to a term of one to three years imprisonment. Koontz was convicted along with defendants but moved to sever his case and dismiss his appeal.

On appeal in this court, defendants Ford and Simpson argue that their motion to suppress their confessions should have been granted in view of the fact that the confessions followed their arrest, which was illegal, they contend, because the State failed to demonstrate the reliability of the radio bulletins upon which Sheriff Bliven relied in arresting defendants.

■■ ■ It is noted that section 114—12(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(a)) provides in part:

> "A defendant aggrieved by an unlawful search and seizure may move the court * * * to suppress as evidence anything so obtained on the ground that: (1) The search and seizure without a warrant was illegal * * *."

Section 114—12(b) of the Code of Criminal Procedure further provides, in part:

> "The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant."

In *People v. Riszowski* (1st Dist. 1974), 22 Ill. App. 3d 741, 746, 318 N.E.2d 10, the appellate court notes that:

> "It is well established that once defendant has made out a prima facie case that the police lacked probable cause, the burden of going forward shifts to the State to negate that evidence at the hearing."

■■ ■ In the Code of Criminal Procedure, section 107—2, it is, however, provided, that:

> "A peace officer may arrest a person when: * * * (c) He has

reasonable grounds to believe that the person is committing or has committed an offense." ·

The Illinois Supreme Court in *People v. Robinson* (1976), 62 Ill. 2d 273, 276-77, 342 N.E.2d 356, stated:

" * * * There is probable cause [to make a warrantless arrest] when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense. (*People v. McCrimmon*, 37 Ill. 2d 40, 43.) This court observed in *People v. Jones*, 31 Ill. 2d 42, 47, that '* * * reasonable cause means something less than evidence which would result in a conviction, and it is also established that reasonable cause may be founded upon evidence that would not be admissible at trial.'

In considering whether probable cause existed, we stated in *People v. Clay*, 55 Ill. 2d 501, 504-05, 'Whether or not probable cause exists in a particular case depends upon the totality of the facts and circumstances known to the officers when the arrest was made. [Citations omitted.] In deciding the question of probable cause in a particular case the courts deal with probabilities and are not disposed to be unduly technical. These probabilities are the factual and practical considerations of everyday life on which reasonable men, not legal technicians, act. *Draper v. United States*, 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329; *People v. Fiorito*, 19 Ill. 2d 246.' Also it is proper to recognize in judging whether there was probable cause that '[p]olice officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals.' *People v. Watkins*, 19 Ill. 2d 11, 19."

■■ In the instant case, Sheriff Bliven had been informed by radio messages from the Mason and Fulton County sheriff's offices that three boys in a pickup truck, which had been reported stolen, had attempted to sell soybeans to two elevators in Havana, and that one of the boys had given the name "Bobby Ford" and another of the boys was wearing a red and black plaid coat; also, that the boys had entered Fulton County upon leaving Havana, and that one of the boys was at an elevator. in Ipava trying to sell the grain. After being so informed, the sheriff observed defendant Ford (who was known to him) and defendant Simpson, who was wearing a red and black plaid jacket, sitting on a bench in Ipava in the presence of each other. These observations, when coupled with the prior information that the sheriff received by way of radio bulletins,

including the fact that one of the boys was then at a grain elevator in Ipava attempting to sell soybeans, gave Sheriff Bliven probable cause to arrest defendants.

Defendants, however, present a bifurcated argument and contend that (1) while Sheriff Bliven had received information regarding three boys suspiciously trying to sell soybeans, this merely constituted a rumor or suspicion which could not give rise to probable cause, and (2) although the sheriff had received radio messages relating that the pickup truck driven by the boys was stolen, this information could not give the sheriff probable cause to make the arrest because the State did not show that the broadcast information had a reasonable foundation. It is noted that the defendants' argument focuses, we deem improperly, on the integral portions of Sheriff Bliven's knowledge, rather than properly upon "the totality of the facts and circumstances known to the officers when the arrest was made." (See *People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.) We also note that it is well established that probable cause may be based upon evidence that would not be admissible at trial including hearsay evidence. *People v. Macias* (1968), 39 Ill. 2d 208, 234 N.E.2d 783; *People v. Clark* (2d Dist. 1976), 43 Ill. App. 3d 117, 356 N.E.2d 1144.

Several cases from other jurisdictions are cited by defendants for the proposition asserted that the State must demonstrate that the officer dispatching the information received by Sheriff Bliven had probable cause to arrest defendants, so that Sheriff Bliven could rely on the broadcast information in his arrest of defendants. We note, however, that the information broadcast in the instant case included various facts and circumstances regarding the truck and the boys, as opposed to a conclusionary broadcast requesting the arrest of defendants. We note that Sheriff Bliven corroborated the information received from the radio broadcasts with his own personal knowledge and observations prior to arresting defendants. As the Illinois Supreme Court stated, with respect to tips from unknown informants (a source which is certainly less reliable than police broadcasts), in *People v. Denham* (1968), 41 Ill. 2d 1, 5, 241 N.E.2d 415, *cert. denied*, 394 U.S. 1006:

> "While an uncorroborated 'tip' by an unknown informer alone does not constitute probable cause for arrest, such a 'tip' when corroborated by other facts and circumstances may constitute such probable cause."

Sheriff Bliven had, prior to his arrest of defendants, received information that three boys in a stolen pickup truck had twice attempted to sell beans to elevators, and that one of the boys was trying to sell the beans to an elevator in Ipava. The sheriff then observed defendant Ford, whose name had been used by the boys at the elevators, and also observed defendant

Simpson, who wore a coat matching the description of that worn by one of the boys at the elevators, in company of each other in Ipava. Sheriff Bliven knew that defendant Ford lived in Bardolph, not near Ipava, and believed that it was unusual for Ford to be attempting to sell soybeans.

■■ We, therefore, conclude that the information available to the sheriff, combined with his own observations and personal knowledge, constituted probable cause for defendants' arrest, and that the trial court properly admitted defendants' confessions into evidence at the trial.

The judgments and sentences of the Circuit Court of McDonough County are affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.