(No. 37332.—

PERCY R. ANDERSON *et al.,* Appellants, *vs.* WALTER SUPER *et al.,* Appellees.

*Opinion filed May 27, 1963.—Rehearing denied September 26, 1963.*

JOSEPH C. OWENS, of Chicago, for appellants.

CARL W. KUHN, of Glen Ellyn, for appellee FANNIE
YACKLEY HALE.

Mr. JUSTICE DAILY delivered the opinion of the court:
Plaintiffs, alleging themselves to be the owners of a
dominant heritage enjoying a perpetual easement for drain-
age in a natural watercourse over a servient estate, brought
this action in the circuit court of Du Page County against
defendants, who include the owners of the allegedly servi-
ent estate and persons who had dumped fill thereon. The
complaint, which alleged that obstructions on defendants'
land had caused an accumulation of water on plaintiffs'
land, prayed for injunctive relief restraining defendants
from further impairing the flow of surface water from
plaintiffs' land, and for a mandatory injunction compelling
defendants to remove from the servient estate a house,
garage and land fill which allegedly obstructs the natural
flow of surface drainage. Issue was joined on the plead-
ings and after hearing evidence the chancellor entered a
decree finding the issues for defendants and denying in-
junctive relief. A freehold being involved, (*Eberle* v.
*Greene*, 18 Ill.2d 322,) plaintiffs have appealed directly to
this court for review.

Although the briefs advance numerous and uncon-
trovertible propositions of law concerning the rights to
natural drainage and injunctive relief, the question pre-
sented for determination is the factual issue of whether the
fill and structures placed on defendants' land have in fact
obstructed the natural flow of surface waters from plain-
tiffs' tract. The decree determined this issue for defend-
ants and went further to find that the area in which water
accumulates on plaintiffs' land is a low area where water

had previously stood from time to time, that it had formerly drained off in a comparatively short time through a tile installed by a prior owner, that the present failure to drain and accumulation of water are due to an interruption in the tile away from defendants' land, and that defendants' had not interfered with the drainage of the accumulation.

No substantial purpose can be served by a detailed analysis of the conflicting testimony. Plaintiffs' witnesses stated, in substance, that the natural flow of drainage is from plaintiffs' land to defendants' land, that the fill and structures placed on the latter land obstruct such natural course, and that it was not until after defendants had altered their land that water would either accumulate in substantial quantities on plaintiffs' land, or fail to drain off. For defendants, to the contrary, witnesses testified that the area where water is accumulating has always been low and intermittently swampy, depending upon the amount of rainfall in a given year, that the accumulation has been becoming progressively worse for the past 20 years, and that the fill and structures on defendants' land had not affected drainage. A surveyor, who appeared for plaintiffs, testified that the area filled in on defendants' land was all part of a sloping depression over which water had drained from plaintiffs' land. A geologist employed by defendants testified that it was the configuration of plaintiffs' land and its hard pan soil, through which water could not percolate, which caused the accumulation there, and, using contour maps and visual observation, placed the natural course of drainage at a spot south of defendants' land. He said that the fill on defendants' land would not affect percolation from the swampy area and, diametrically opposed to the surveyor, was of the opinion that the changes in defendants' land had not changed or obstructed surface drainage.

It is the rule in chancery cases that where the evidence is conflicting and the witnesses are heard in open court, an error in findings as to facts should be clear and pal-

pable to authorize a reversal. (*Dean* v. *Dean,* 401 Ill. 406; *Rothenberg* v. *Rothenberg,* 378 Ill. 242.) Again, we have repeatedly held where the evidence is in dispute, and where the chancellor heard and saw the witnesses testify, his findings will not be disturbed unless they are against the manifest weight of the evidence. (*Stenwall* v. *Bergstrom,* 405 Ill. 281; *Hanlon* v. *Hayes,* 404 Ill. 362; *Miller* v. *Pettengill,* 392 Ill. 117.) The record here is replete with conflicting testimony. Different witnesses, lay and expert, had different versions of the area and course of drainage, and different reasons for water accumulating and failing to drain. The chancellor accepted the version of those witnesses who testified that defendant's use of their land had neither obstructed the course of drainage, nor caused the accumulation of water on plaintiffs' land. Under the state of the record, no reason appears which justifies a substitution of our judgment on the conflicting evidence for that of the chancellor.

The decree of the circuit court of Du Page County is affirmed.

*Decree affirmed.*