ANGELINE GUZIK, Plaintiff-Appellee, *v.* CLAUDE R. WUJEK *et al.,* Defendants-Appellees—(PUBLIC FEDERAL SAVINGS & LOAN ASSOCIATION OF CHICAGO, Defendant, Counter-Plaintiff, Appellant, *v.* CLAUDE R. WUJEK *et al.,* Counter-Defendants, Appellees.)

(No. 53035;

First District—March 22, 1971.

Baskin, Server & Miner, of Chicago, (Gus Kages, of counsel,) for appellant.

Edward A. Sinden, of Chicago, for appellees.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from a decree to quiet title. Public Federal Savings & Loan Association of Chicago (hereinafter referred to as Public Federal) is the only appellant.

The following facts are relevant to the disposition of this case: Upon her husband's death in January 1959, Angeline Guzik, the plaintiff, became the sole owner of certain real property at 8728 South Phillips Avenue, Chicago. The property was registered under the Torrens land title system and Mrs. Guzik held the Duplicate Certificate of Title.

In the years which followed her husband's death, Mrs. Guzik came to rely heavily upon Claude Wujek for advice and assistance in the handling of her financial affairs. Wujek was a real estate broker and a friend of Mrs. Guzik's late husband. Sometime in late 1963, Mrs. Guzik told Wujek that she was quite ill and was experiencing great difficulty in maintaining her property. She indicated that she was thinking about selling the property and Wujek suggested that he might be able to sell the property for her. About the same time, Wujek became obligated to pay the sum of $25,000 to Public Federal.

In early January 1964, without Mrs. Guzik's consent or knowledge, Wujek made an oral application for a mortgage upon the Guzik property to Public Federal. Public Federal agreed to appraise the property and sent two of its directors onto the property for purposes of appraisal. Although Mrs. Guzik was in possession of the property, the appraisers did not inform her that the appraisal was being made in connection with Wujek's mortgage application. Subsequent to its appraisal, Public Federal authorized a mortgage of $22,000 upon the property.

Wujek and his wife then completed a written mortgage application for Public Federal and falsely stated therein that they had purchased the Guzik property for $29,000. About the time he submitted the written mortgage application, Wujek was engaged in the preparation of Mrs. Guzik's 1963 Income Tax Return. Wujek informed Mrs. Guzik that he needed her Duplicate Certificate of Title for a short time and she, believing that he needed the certificate in connection with his handling of her financial affairs, gave it to him. Wujek then delivered the certificate to Public Federal to be used in connection with the preparation of the mortgage papers. The certificate clearly indicated that Mrs. Guzik was the registered owner of the property.

A short time later, on or about February 7, 1964, Wujek went to Mrs. Guzik's home and advised her that he needed her signature in connection with financial matters, particularly her tax return, that he was handling for her. He requested that she sign a certain document which he presented to her. The document, which was in fact a blank Warranty Deed, was folded over so that Mrs. Guzik could see only the lower portion. Believing that the document had something to do with her income tax, Mrs. Guzik signed where Wujek indicated. At no time was Mrs. Guzik told that the document was a Warranty Deed.

Wujek then had the blank Warranty Deed completed, i.e., the names of Mrs. Guzik as grantor and the Wujeks as grantees, and the legal description of the property, were typed on the blank deed. This typing on the blank deed was done with a typewriter owned and used by Public Federal—the same typewriter, in fact, which was used by a Public Federal employee to type out the mortgage papers. The court's decree found from the appearance of the deed and mortgage that the same person apparently typed both the mortgage papers and the information on the Warranty Deed. Wujek next had the Warranty Deed notarized by John Skol, a Notary Public, without Mrs. Guzik being present.

On or about February 8, 1964, after the Wujek's had formally executed the $22,000 mortgage, Public Federal gave Wujek the documents relating to the transaction for delivery to the County Registrar of Titles. After the documents had been delivered to the Registrar of Titles, the proceeds of the $22,000 mortgage were paid back to Public Federal for application against the $25,000 debt owed by Wujek to Public Federal.

Mrs. Guzik remained in exclusive possession of the property, unaware of what had transpired with respect to her property. In 1966, however, she retained an attorney to investigate Wujek's failure to return her Duplicate Certificate of Title. As a result of this investigation, Mrs. Guzik learned of the mortgage against her property and brought an action to quiet title.

The court found that Wujek has perpetrated a deliberate, calculated and malicious fraud against Mrs. Guzik and nullified the Warranty Deed which Wujek had fraudulently obtained. He also found that Public Federal, though not a party to the fraud *per se,* had not acted in good faith and was not, therefore a registered owner entitled to the protection of the Torrens Act. The mortgage upon Mrs. Guzik's property was nullified and removed as a cloud upon her title to the property, and Public Federal was ordered to deliver the Mortgagee's Duplicate Certificate of Title and a Release Deed to Mrs. Guzik. The court's decree also ordered the County Registrar of Titles to cancel the Certificate of Title issued to the Wujeks and to issue a new certificate to Mrs. Guzik, showing her to be the sole owner of the property. In addition, Public Federal was allowed recovery against the Wujeks for the unpaid balance of the mortgage which they fraudulently obtained.

Public Federal has appealed from those portions of the decree which were adverse to it, particularly those portions which held that Public Federal had no right, title or interest in the property and that its mortgage and lien were void against Mrs. Guzik. Public Federal contends that it was not a party to the fraud, had no notice of the fraud and acquired its interest from the fraudulent grantee, Wujek, for valuable

consideration and in good faith. Therefore, Public Federal concludes, its interest is entitled to the protection of the Torrens Act and the plaintiff, Mrs. Guzik, must bear the loss because she made the fraud possible.

■■ Initially, and before deciding the merits of Public Federal's contention, we express our awareness of the many conflicts in the testimony of the various witnesses to this matter. We are inclined to adopt the court's findings of fact, however, in accordance with the well established rule in equity that where the evidence is in dispute, and where the judge heard and saw the witnesses testify, his findings will not be disturbed unless they are against the manifest weight of the evidence. (*Anderson v. Super* (1963), 28 Ill.2d 319, 192 N.E.2d 339.) Our examination of the record in this case discloses no reason which would justify a substitution of our judgment on the conflicting evidence for that of the court.

The sole question to be decided by this court, therefore, is whether under the stated facts Public Federal acquired an indefeasible lien on the Guzik property as a matter of law. Public Federal asserts that it did and relies heavily upon Ill. Rev. Stat 1963, ch. 30, pars. 84, 86 (The Torrens Act) and *Eliason v. Wilborn* (1929), 335 Ill. 352, 167 N.E. 101, *aff'd.*, 281 U.S. 457 (1930). Section 84 of the Torrens Act provides that the registered owner has good title unless he is a party to fraud or takes, without valuable consideration paid in good faith, from a party to fraud. Section 86 provides that except in case of fraud (by the transferee himself), no person taking a transfer of registered land shall be held to inquire into the circumstances or consideration concerning the registration of the owner from whom he takes or any prior owner or to be charged with notice. In the *Eliason* case, a forger had procured the owner's Duplicate Certificate of Title from the owner and had himself registered and then conveyed to a *bona fide* purchaser who filed for registration. The purchaser's title was upheld, since he was protected by Sections 84 and 86 of the Torrens Act, forgery being deemed a species of fraud.

At first blush, it might appear that Public Federal's position is fully supported by the authorities upon which it relies. However, we note that Wujek was not himself a registered owner when he transacted his business with Public Federal. The Duplicate Certificate of Title which he presented to Public Federal, to be used in the preparation of the mortgage papers, showed that Angeline Guzik and not Claude Wujek was the registered owner. Even a cursory examination of the certificate by Public Federal would have revealed the true identity of the registered owner. Public Federal neglected to examine the certificate and, therefore, made no inquiry concerning this apparent discrepancy in Wujek's story that he was the owner of the property. Further, Wujek did not present

a deed of conveyance to Public Federal until sometime after he had delivered the certificate. And, when the deed was presented, it was blank and had to be completed by a Public Federal employee. In addition, even though Mrs. Guzik was in open possession of the property when Public Federal's employees conducted an appraisal, no attempt to verify Wujek's story of purchase was ever made. Mrs. Guzik, the alleged seller, was never contacted. Public Federal obviously elected to place complete reliance on Claude Wujek throughout the entire transaction, even to the extent of allowing him to deliver all of the documents relating to the transaction to the Registrar of Titles.

 While Public Federal might suggest that its handling of the transaction was strictly routine insofar as its usual practices are concerned, we do not believe that its actions and, indeed, inaction were in conformity with the practical requisites of such transactions or in compliance with the requisite of good faith. One who is not in compliance cannot perfect his interest by having it registered. (See *Hoffman v. Schroeder* (1962), 38 Ill.App.2d 20, 186 N.E.2d 381; *Prassas v. Jana* (1954), 4 Ill.App.2d 385, 124 N.E.2d 643.) Public Federal's remedy properly rests against Claude and Beatrice Wujek and the court's decree so provided.

For the reasons stated, the decree of the court below is affirmed.

Decree affirmed.

BURKE, P. J., and GOLDBERG, J., concur.