THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE C. TURNER, Defendant-Appellant.

(No. 61150;

First District (4th Division)—September 10, 1975.

James J. Doherty, Public Defender, of Chicago (John X. Breslin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant Eugene C. Turner appeals from a judgment entered by the Circuit Court of Cook County for attempted theft of a truck. He was sentenced to a term of not less than one nor more than three years in the Illinois State Penitentiary.

The case involved the abduction at gunpoint and armed robbery of a delivery truck driver and a later unsuccessful attempt to steal the truck itself. The defendant did not participate in the abduction and armed robbery, but he was identified by a witness as being one of two men later attempting to steal the truck. The witness' description of the thief included the fact that he was dressed in a light-colored jacket and dark slacks. The witness identified the defendant in a lineup at the police station and subsequently at trial.

The defendant's attorney, the public defender, moves to withdraw as counsel for the defendant based on *Anders v. California* (1967), 386 U.S. 738. In support of his motion, he states there are only two possible grounds on which the defendant could appeal his conviction and both are without merit.

■■ The first possible ground for appeal is that the police lineup was suggestive because defendant was the only person in the seven-man lineup wearing a yellow jacket. The circumstances under which an identification is made affects its weight but does not destroy the evidence of identification. (*People v. Mason* (1967), 86 Ill.App.2d 28.) The identification was made by a witness who had a clear view of the defendant's face and body build at a distance of 12 to 14 feet for several minutes and the defendant wore the jacket in the lineup at his own insistence. Under these circumstances, the clothing the defendant wore cannot be said to be unduly suggestive.

A second possible issue on appeal is the trial judge's ruling denying defendant's pretrial motion to quash his arrest. The defendant moved to quash the arrest for lack of probable cause. He contended the license number of the car in which he was arrested did not match that reported to the police by the witness. The witness described a blue Chevrolet station wagon with license number MP 7172. The make and model of the

defendant's car matched the description given by the witness, but the defendant's license number was WP 7172.

■■ The test of probable cause is whether a reasonable and prudent man, in possession of the knowledge which has come to the arresting officer, would believe the person to be arrested is guilty of the crime. (*People v. Macias* (1968), 39 Ill.2d 208, *People v. McCrimmon* (1967), 37 Ill.2d 40.) The arresting officer testified that broadcasts on the police radio suggested there was some question whether the first letter of the license plate was M or W. The knowledge of the possible discrepancy in license numbers, coupled with the fact that the car matched the physical description given by the witness, would given a prudent officer ample cause for arrest. An appeal on the issue of probable cause for arrest would therefore be without merit.

The defendant received a copy of the public defender's motion and brief and was also sent a letter advising him that he could file an argument and authorities in support of his appeal by July 18, 1975, but he has chosen not to do so.

■■ After an examination of the record, we conclude the public defender is correct and there is no merit to the appeal. The motion to withdraw as counsel for the defendant is allowed and the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ADESKO and JOHNSON, JJ., concur.