(No. 39547.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD FREEMAN, Appellant.

*Opinion filed March 24, 1966.*

SAM ADAM, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Edward Freeman was indicted, tried and found guilty in the circuit court of Cook County, of the crime of unlawful possession of a narcotic drug. He was sentenced to the Illinois State Penitentiary for a term of not less than two nor more than seven years.

Prior to trial, he filed a motion to suppress the evidence, alleging that the seizure of the narcotic drug was in violation of his constitutional rights. At the hearing on this motion, his counsel sought to discover the identity of the informer and demanded production of the informer whose information allegedly led to his arrest. This was denied. Defendant then moved for an *in camera* hearing, which was denied. The court denied the motion to suppress. The parties then stipulated that if the same witnesses were called on the trial as testified on the motion to suppress, their testimony would be the same, and that the article seized on the defendant was heroin.

Defendant contends that there was error in holding that there was probable cause for his arrest, that the informer should have been produced under the particular circumstances of the case, and that an *in camera* hearing should have been held on the question of probable cause.

The principal error contended is that there is not sufficient probable cause existing for an arrest without a warrant where the arresting officer bases his arrest upon information from a person who is an addict and who furnishes the narcotics and where the testimony of the arresting officer at one hearing is that the informer was a woman and at another that he was a man. Defendant asserts the refusal to produce the informer or to give the accused sufficient information so that defendant might produce him denies defendant due process of law and the right to confront the witnesses against him.

The question raised in this case has been reviewed extensively recently by this court in *People v. McCray,* 33 Ill.2d 66, where we were asked to overrule our ruling in *People v. Durr,* 28 Ill.2d 308, that an arrest by a police officer without a warrant is lawful if the officer "has reasonable ground for believing that the person to be arrested has committed" a criminal offense. We also there held that such reasonable ground may be supplied by information from an informant of established reliability even though the State refuses to reveal the identity of the informant, provided that the informant neither participated in the crime nor was present at the time of the arrest.

In *McCray,* we said that on a motion to suppress the State must show the basis of the arresting officers' belief, including facts relating to the credibility of the informant. We again reviewed these principles in *People v. Fleming,* 33 Ill.2d 431, where, although there was no testimony that the informer had given accurate tips on previous occasions, there were several factors which justified the officers relying on the tips. There the informer met the officers at a

designated time and place; he went into a tavern where he said defendant was selling narcotics and came out with a package he said he purchased of defendant; and when the officers entered the tavern a man who matched the description given them was at a place where the informer said he would be and they then and there arrested defendant who had narcotics on him. This was deemed sufficient evidence of the informer's reliability.

In the instant case officers Jones and Loving testified on the motion to suppress. Loving testified Jones received a call and told him an informer whom they had used before had informed him that defendant was going to pick up narcotics to sell to two addicts; this informer had given information which was the basis of approximately eight arrests, and the conviction of three named defendants. He and Jones went to defendant's house and observed defendant leaving his home as the informer said he would. Loving testified the informer was a man. On cross-examination, Loving testified he didn't remember whether at the preliminary hearing he had testified that the informer was a woman. Upon questioning as to the informer's name, the State objected. The trial court sustained this objection.

Officer Jones testified that at the police station he received a phone call from a man known to him; he recognized the voice; and the man identified himself by his first name. Jones knew the man and had in the past received information from him which had resulted in eight arrests and four or five convictions.

Based upon this information, the officers arrested defendant when he left his home. They searched him and found a tinfoil package wrapped in cellophane, containing heroin.

The defendant testified at the trial that prior to being arrested he was visited at his home by a Charles Jones or James, whom he had known for 10 years. After having cake and ice cream and watching television, Charles left. A little

later, Charles called him and told him he left something in a brown handkerchief on the dresser. He asked defendant to bring it to him because his sister was going to work and he had to take her. Defendant said that as he was going up the street he was arrested and the handkerchief taken containing this white substance. Defendant thus contends this was the informer who placed the narcotics in his possession. He contends it is manufactured evidence and thus the identity of the informer should be disclosed since he participated in the crime and defendant needs his testimony.

We are not impressed with the contentions of the defendant that his defense and his constitutional rights require disclosure of the name of the informer, his production in court, or an *in camera* hearing. The trial court heard the witnesses and determined the weight and credibility of their testimony. Apparently the trial court must have found from the testimony of officers Loving and Jones that their information was from a reliable informer. There is no hint of lack of reliability in the testimony of officer Jones. The confusion caused by an apparent conflict of testimony or lack of exact recollection by officer Loving in no manner lessens the veracity and weight of officer Jones's testimony.

It is difficult to perceive any necessity of disclosure of the name of the informer to the defendant if the defendant's testimony is true that he was entrapped by an old friend of ten years acquaintance whose name he knew. We are forced to agree with the trial court in not giving credibility to defendant's testimony. Hence, under the circumstances, it appears to us that the trial court properly determined the weight and credibility of the witnesses by which it found no requirement of disclosure or production of the informer. It properly held that the officers had sufficient probable cause to believe a crime had been committed so as to arrest defendant without a warrant and without violating his constitutional rights. Under our prior cases then, public policy

requires that there be a privilege of the informer and that his identity need not be disclosed, nor does he need to be produced in court or for an *in camera* hearing.

No error exists in the case and the judgment must be affirmed.

*Judgment affirmed*