**People of the State of Illinois, Plaintiff-Appellee, v. Lafayette Atkins, Defendant-Appellant.**

**Gen. No. 50,127.**

First District, Third Division.

April 27, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall Patner, Frederick F. Cohn and James

J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Following a trial without a jury the defendant was convicted of the unlawful possession of a narcotic drug and was sentenced to the penitentiary for a term of two to five years. He contends (1) that the arresting officers lacked probable cause to make the arrest and subsequent search; (2) that he should have been released from custody when the search failed to disclose narcotics on his person; and (3) that a statement taken from him while in custody was inadmissible because he had not been advised of his rights to counsel and to remain silent. The facts follow.

Inspector Mitchell Ware of the State Narcotics Division testified that on September 15, 1963, at about 5:10 p. m. he received a telephone call from an informer who told him that defendant was parked in a yellow Ford, license number MB 7085, at 4725 South Champlain Avenue in the City of Chicago; that defendant had just completed a sale of heroin; and that a woman seated with defendant in the front seat of the car, supplied defendant with the narcotics. The informer gave a physical description of the defendant and the woman and stated that he (the informer) would wait on the street and signal the police when they arrived. Ware testified that he drove to the corner of 47th Street and Champlain Avenue and received a signal from the informer; that he observed two people fitting the description given by the informer seated in a yellow Ford with the license

479

plates hereinbefore noted; and that with the aid of two Chicago policemen, he placed the defendant and the woman, one Pearlie Williams, under arrest. Ware stated that he found no narcotics in defendant's possession, but that Pearlie Williams was holding a piece of cellophane containing 13 tinfoil packets of heroin. Defendant was taken to the Police Station at 29th Street and Prairie Avenue and questioned by Ware, at which time the defendant admitted that the narcotics were his and that "Miss Williams actually didn't know it was narcotics . . . and he did not want Miss Williams to go to jail for having his narcotics in her possession."

Defendant moved to suppress the narcotics evidence on the ground that the arrest and search, in which the narcotics were seized, were made without probable cause in violation of sections 6 and 10 of Article II of the Illinois Constitution. Ware testified at the hearing on the motion to suppress and related the above account of the arrest, but refused to divulge the identity of the informer. He stated however that this particular informer had supplied information on more than twenty occasions in the past and that arrests and convictions had resulted. Ware recalled the name of the last individual so convicted and stated that he had records in his office of the other cases in which the informer had participated. Defense counsel dropped the matter at that point. On the basis of this testimony, the trial court denied the motion to suppress.

■ As to point (1), defendant argues on appeal that the search and seizure were in violation of the Fourth Amendment to the United States Constitution, and he makes a two-pronged assault on the police procedure hereinbefore outlined. First, he contends that the State failed to establish the past reliability of the informer and therefore did not comply with the requirements under Illinois law. People v. Durr, 28 Ill2d 308, 192 NE2d 379; People v. McFadden, 32 Ill2d 101, 203 NE2d 888.

In People v. Durr, supra, the Illinois Supreme Court held, by a 4–3 margin, that probable cause for an arrest had been established where the arresting officer testified that he had had previous conversations with the informer and that the information furnished him in those conversations had been reliable. The dissenters agreed with the principle that probable cause for an arrest could be shown by testimony as to the reliability of an informer, but felt that in that case the showing was not sufficient. In People v. McFadden, supra, a unanimous court held that probable cause had been shown where, in addition to the testimony of the police officer that the information came from a reliable source, the court noted that there had been "independent verification of all the present information, except possession of narcotics by defendant. . . ." More recently the court applied the same rationale in sustaining an arrest under practically identical circumstances. People v. Freeman, 34 Ill2d 362, 215 NE2d 206. In the instant case Officer Ware vouched for the past reliability of his informant and testified to circumstances corroborating the information he had received; that is, that two people fitting the informer's description were seated in a yellow Ford, with a specific license number, at a specific address. We conclude that the State complied with the requirements under Illinois law as to the showing of probable cause.

The second phase of defendant's first contention challenges the constitutionality of the method of police operation here employed; that is, reliance upon an undisclosed informer to provide probable cause for an arrest. The use of an unidentified informer to establish probable cause was sanctioned by the United States Supreme Court in a recent case involving an Illinois defendant. McCray v. Illinois, 386 US 300 (decided March 20, 1967). The Court held that where the question involved was one of probable cause for an arrest, and

481

not the guilt or innocence of the accused, it was sufficient for the arresting officer to testify that he had acted upon information supplied by a reliable informer. The Court distinguished Roviaro v. United States, 353 US 53, relied upon by defendant in the instant case. There a conviction was reversed because of the refusal of the prosecution to identify the informer, the defendant having made a showing that the informer might prove vital to his defense at trial. The Court in McCray said:

> "The arresting officers in the case testified, in open court, fully and in precise detail as to what the informer told them and as to why they had reason to believe his information was trustworthy. Each officer was under oath. Each was subjected to searching cross-examination. . . .
>
> "Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury."

■ With respect to the claim made by defendant that the failure of the prosecution to identify the informer was a violation of the Sixth Amendment right of confrontation, the Court cited Cooper v. California, 386 US 58, (decided February 20, 1967), which held that there was no deprivation of a constitutional right where the prosecution fails to call the informer as a witness. In view of the holding in McCray v. Illinois, supra, the trial court properly denied defendant's motion to suppress.

■ Defendant's second allegation of error is that he was detained unreasonably after a police search failed to show that he had narcotics in his possession. He concludes from this that a statement taken from him while he was in custody should have been held inad-

missible because the cause for his arrest "had withered." There is no merit to this contention. The information given to Officer Ware was that defendant was selling narcotics which were being supplied to him by a woman seated alongside of him in a car. This information proved to be entirely accurate. The police, finding a large quantity of heroin in the woman's hand, were justified in taking defendant into custody and questioning him about the alleged sale of narcotics.

■  We proceed to a consideration of defendant's last point, that evidence of his admission with respect to the possession of narcotics was improper because he was not advised of his rights to counsel and to remain silent. Trial in this cause was commenced prior to the dates of the decisions in Escobedo v. Illinois, 378 US 478 (June 22, 1964) and Miranda v. Arizona, 384 US 436 (June 13, 1966). In Johnson v. New Jersey, 384 US 719, the Court held that the rulings in the cases hereinbefore cited need not be applied retroactively. Illinois has adhered to the position that a confession made voluntarily before the effective dates hereinbefore noted should be held admissible. People v. Jackson, 35 Ill2d 162, 220 NE2d 229. We find no error in the trial of this case, and the judgment will be affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.