THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANA JEAN ANDREAT, Defendant-Appellant.

Fifth District   No. 78-229

Opinion filed October 2, 1979.

Ralph Ruebner and Rafael Schwimmer, both of State Appellate Defender's Office, of Chicago, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Dana Jean Andreat, appeals from the judgment of the Circuit Court of St. Clair County finding him guilty of burglary. The sole issue on appeal is whether the trial court erred in refusing to suppress his confession.

On September 9, 1977, the Hoppenjans Pharmacy in Belleville was burglarized, during which various drugs were taken. On October 4, 1977, defendant was arrested and charged with the commission of the burglary. While in custody, defendant made a written statement in which he admitted driving the "get-away" car for one Gilbert Moore and Moore's girlfriend. Defendant subsequently moved to suppress his confession and certain physical evidence. At the hearing on this motion, the following evidence was presented of the events leading to his arrest and statement.

On September 20, 1977, Officer Marvin Rush of the Collinsville Police Department was dispatched to investigate a family disturbance at Moore's apartment. Upon arrival the officer was informed by an unidentified elderly woman that a sawed-off shotgun had been fired during an argument. The officer went to the apartment where he met its occupant, Gilbert Moore. Moore reported that his apartment had been burglarized and that he had been involved in an altercation with defendant. Apparently, Moore had grabbed a shotgun displayed by defendant and had fired a shot at him as defendant drove away from the scene. Defendant returned shortly thereafter and was met by Officer Rush, who ordered him out of the car and asked him if he had the gun. Defendant replied in the negative and gave the officer permission to search the trunk of the car. When no weapon was found there, Officer Donald Klymer, another officer present at the scene, searched the interior of the vehicle without defendant's consent and also discovered nothing. The two officers were about to leave the scene of the incident when one or two female neighbors advised them that Moore had taken the gun into his apartment. Moore denied having the weapon and gave the officers permission to search for it. Klymer went inside the apartment and was unable to find the shotgun; however, he returned with three containers of pills and arrested Moore and defendant for possession of controlled substances. Following the arrest, the officers conducted a thorough search and discovered two shotgun shells in Moore's pocket and more drugs in the apartment. Officer Klymer also found a metal container of assorted pills under the left rear tire of defendant's car, which container had not been there when defendant's automobile was first searched.

After defendant and Moore were taken to the police station, the owner of the apartment found the shotgun in a vacant trailer behind the building. Upon the owner's request, the officers had defendant's car

towed away; however, prior to the removal of the vehicle, the officers inventoried its contents and found two pills which matched those taken from Moore's apartment.

Three days later, Belleville Detective James Westcott, who was investigating the burglary in question, received a phone call from the Collinsville Police Department and was told that they may have recovered drugs taken from the Hoppenjans Pharmacy. Upon his arrival at the Collinsville Police Station, Westcott learned that defendant had been arrested for a disturbance; that during an investigation of this disturbance a large quantity of prescription drugs had been recovered; and that the Collinsville police had received an anonymous phone call stating that defendant and Moore had committed the Hoppenjans burglary. Officer Westcott returned to Belleville with two containers of the recovered drugs found in Moore's apartment and showed them to Mr. Hoppenjans, who was able to identify the pills as the ones taken from his pharmacy. On October 4, 1977, defendant and Moore were arrested for the offense of burglary. Defendant was advised of his *Miranda* rights and shortly thereafter, executed a written statement confessing his participation in the burglary.

The trial court denied defendant's motion to suppress the drugs found in Moore's apartment; granted defendant's motion to suppress the drugs found inside his car; reserved its ruling concerning the drugs found underneath the rear tire of the car; and denied the motion to suppress the confession. One day later, defendant waived a jury trial and counsel stipulated that the evidence presented at the suppression hearing would constitute the entire case. Based upon this stipulation, the court found defendant guilty of the burglary.

On appeal, defendant contends that he was arrested without probable cause and that, therefore, his confession must be suppressed. In support of his position, he claims that there was no probable cause to arrest where there was insufficient independent corroboration to verify the anonymous tip that defendant had committed the burglary. (See *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584.) The State replies that the tip was adequately corroborated by the connection of defendant with the drugs discovered and later identified as taken from the burglarized pharmacy. The State also argues that even if there were no probable cause to arrest defendant, the suppression of the confession was properly denied as the taint of illegality, if any, was dissipated by intervening events. *Brown v. Illinois* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254.

■■ Probable cause to arrest exists when the facts and circumstances within the knowledge of a reasonable and prudent peace officer would

give him reasonable grounds to believe that an offense has been or is being committed and that the accused committed or is in the process of committing that offense. (*People v. McKnight* (1977), 55 Ill. App. 3d 1052, 371 N.E.2d 946.) The knowledge necessary to determine the existence of probable cause to arrest may be based upon hearsay of an informant, if the informant is of previously established reliability or if the information about the offense has been independently corroborated. (*People v. Vogel* (1978), 58 Ill. App. 3d 910, 374 N.E.2d 1152.) The corroboration of the informer's tip necessary to support a finding of probable cause must demonstrate in some manner that it was the arrestee and not someone else who committed the offense. *Whiteley v. Warden* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031; *People v. Swift* (1978), 61 Ill. App. 3d 486, 378 N.E.2d 234.

■■ Applying these principles, we believe there was more than ample evidence to support a finding of probable cause to arrest defendant. The anonymous tip that defendant and Moore had committed the Hoppenjans Pharmacy burglary was corroborated by numerous facts from which a police officer could reasonably infer that defendant had participated in the crime. A review of the evidence reveals that officers of the Collinsville Police Department in answering a peace disturbance call learned that defendant and Moore had been arguing at Moore's apartment. They also learned that a shotgun had been used in the incident, and while looking for that gun, inadvertently discovered a large selection of illegally possessed prescription drugs in the apartment which were later identified as the ones taken from the pharmacy. Defendant and Moore were then promptly arrested and taken to the police station. The police then conducted an inventory search of defendant's vehicle and found two pills which matched those found in Moore's residence. The discovery of controlled substances in the apartment taken from the pharmacy, the presence of defendant at the scene arguing vehemently with Moore, and the subsequent discovery of the pills in the automobile matching the ones in the apartment would amply corroborate the anonymous tip that defendant was a participant in the burglary.

■■ Defendant, however, argues that it is improper for this court to consider the drugs discovered in defendant's car in determining whether probable cause to arrest existed when that evidence was suppressed by the trial court and when the State failed to appeal that ruling under Supreme Court Rule 604(a). (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a).) We disagree. The suppression of the drugs as evidence does not preclude the consideration of these drugs as grounds for establishing probable cause to arrest where there is no indication that the search leading to the discovery of the contraband was unlawful. The police officers who found

the pills were merely conducting a valid inventory search of the vehicle prior to it being towed and following a valid arrest of defendant (*People v. Clark*, 65 Ill. 2d 169, 357 N.E.2d 798 (1976), *cert. denied* (1977), 431 U.S. 918, 53 L. Ed. 2d 229, 97 S. Ct. 2184); were not aware at that time of the anonymous tip; and did not know that the drugs seized from Moore's apartment were from the burglarized pharmacy. Certainly, then, there was no evidence of police misconduct and therefore no justification to exclude the fruits of a valid inventory search for purposes of establishing probable cause. Although the State did not appeal from the suppression order, there was no requirement that it do so where its sole concern on appeal was the admissibility of the confession and not the use of the drugs discovered in the car as evidence at trial. We are therefore not foreclosed from considering the fruits of a valid search as contributing to a finding of probable cause, notwithstanding the exclusion of these fruits as evidence, where the admission of defendant's written statement, the subject of this appeal, was contingent upon the validity of the arrest.

■ In conclusion, we note that the trial court, in ruling upon the various motions to suppress physical evidence, failed to comply with the requirement of stating its findings of facts and conclusions of law upon which its order was based. (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(e).) Although the absence of such findings and conclusions does not require reversal of these various rulings, we wish to emphasize the importance of complying with the statutory language of section 114—12(e) of the Criminal Code.

For the reasons stated, the judgment of the Circuit Court of St. Clair county is affirmed.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.